ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    : CIVIL ACTION NO.
ex rel. DAREN WRIGHT,
Registration No. 50892-053
    Petitioner

# 1 : CV-01-1154

                    V.    :

WARDEN, F.C.I. ALLENWOOD,    :
    Respondent    :

**FILED**
**HARRISBURG**

JUN 2 6 2001

MARY E. D'ANDREA, CLERK
Per_____
       DEPUTY CLERK

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. §2241 AND §2243**

1.  PLACE OF DETENTION: F.C.I. Allenwood, P.O. Box 2500, White Deer, PA.

17887

2. NAME AND LOCATION OF COURT WHICH IMPOSED SENTENCE.

William H. Caldwell, Judge, United States District Court, Middle District of
Pennsylvania

3.  THE INDICTMENT NUMBER OR NUMBERS UPON WHICH AND THE
OFFENSE OR OFFENSES FOR WHICH SENTENCE WAS IMPOSED:

Docket No. 95CR140-02

4.  THE DATE UPON WHICH SENTENCE WAS IMPOSED AND THE TERMS OF
THE SENTENCE.

04/25/96, 292 months' imprisonment, 5 years' supervised release
04/23/97, sentence reduced to 233 months' imprisonment, 5 years' supervised release

5.  A FINDING OF GUILT WAS MADE FOLLOWING A PLEA OF GUILTY.

6. IF YOU WERE FOUND GUILTY AFTER A PLEA OF NOT GUILTY, CHECK
WHETHER THAT FINDING WAS MADE BY A JURY/A JUDGE WITHOUT A
JURY.  N/A

7.  DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION OR THE
IMPOSITION OF SENTENCE?  Yes

2

8. IF YOU ANSWERED "YES" TO (7), LIST

(a) the name of each court to which you appealed:  United States Court of Appeals for the
Third Circuit.

(b) the result in each court to which you appealed:  Affirmed

(c) the date of each result: 12/23/96 CTA3 Docket No. 95-7298

(d) if known, citations of any written opinion or order entered pursuant
to such results:  None

9.  STATE CONCISELY ALL THE GROUNDS ON WHICH YOU BASE EACH
ALLEGATION THAT YOU ARE BEING HELD UNLAWFULLY:

(a) The custody is in violation of the violation of the Constitution, laws or treaties of the
United States.

(b) The custody is in violation of legal principles articulated in **Richardson vs. United
States**, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), where the United States
Supreme Court held that the district court judge must give an instruction advising that 21
U.S.C. 848 requires the jury be unanimous with respect the series of felony violations and
that the series of felony violations produce substantial resources.

(c) The custody is in violation of legal principles articulated in **Jones vs. United States**,
526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999),  **Apprendi vs. New Jersey**, 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)["Jones/Apprendi"], and **United States
vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which held that the principles of **Apprendi**
apply to cases prosecuted under the federal drug statutes 21 U.S.C. 801 et seq.

(d) The custody is in violation of a treaty of the United States.

10.  STATE CONCISELY AND IN THE SAME ORDER THE FACTS WHICH
SUPPORT EACH OF THE GROUNDS SET OUT IN (9):

See attached Memorandum of Law in support of Petition for Writ of Habeas Corpus, a
copy of which is attached hereto and incorporated by reference herewith.

11.  HAVE YOU PREVIOUSLY FILED PETITIONS FOR HABEAS CORPUS,
MOTIONS UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE,
OR ANY OTHER APPLICATION, PETITIONS OR MOTIONS WITH
RESPECT TO THIS CONVICTION?  Yes

12.  IF YOU ANSWERED "YES" TO (11), LIST WITH RESPECT TO EACH
PETITION, MOTION OR APPLICATION.

3

(a) THE SPECIFIC NATURE THEREOF: 2255 motion

(b) THE NAME AND LOCATION OF THE COURT IN WHICH EACH WAS FILED.

Judge Caldwell, United States District Court, Middle District of Pennsylvania, Federal Building, Harrisburg, PA 17108

(c) THE DISPOSITION THEREOF:

Denied

(d) THE DATE OF EACH DISPOSITION:

2/24/98

(e) if known, citations of any written opinions or orders entered pursuant to each such disposition.  None

13.  IF YOU DID NOT FILE A MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, [OR IF YOU FILED SUCH A MOTION AND IT WAS DENIED] STATE WHY YOUR REMEDY BY WAY OF SUCH MOTION IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF YOUR DETENTION.

(1) The custody is a violation of a treaty of the United States. Such an issue must be brought in a 2241 habeas corpus petition because the habeas statute is the legislation that confers private rights on the prisoner and makes the treaty self-executing.

(2) The custody is in violation of the Constitution, laws or treaties of the United States. The indictment does not state all elements of the offense. The violation is not "harmless error" because it resulted in the imposition of a guilty plea that was not knowing and intelligent, and resulted in a sentence of 292 months, which was higher than the maximum sentence for the offense simpliciter. The deficiency was not cured because the 292 month sentence was used as a baseline for the downward departure to 233 months. An illegal sentence is a form of jurisdictional defect. **Bowen vs. Johnston,** 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 855 (1939), **United States vs. Cockerham,** 237 F3d 1179 (10th Cir. 2001). The court has an independent obligation to determine jurisdiction and correct defects in jurisdiction. **Freytag vs. Commissioner of Internal Revenue**, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991), **United States vs. Tran**, 234 F3d 798 (2nd Cir. 2000), **Kelly vs. United States**, 29 F3d 1107, 1111-1113 (7th Cir. 1994), **Harris vs. United States,** 149 F3d 1304 (11th Cir. 1998)

4

(3) The legal principles set forth in **Jones/Apprendi/Jones** are retroactive to cases on collateral review because they are the first interpretation of the elements of 21 U.S.C. 841. Application of Apprendi principles result in the petitioner being "actually innocent" of the aggravated drug offense for which he was sentenced. **Rivers vs. Roadway Express**, 511 U.S. 298, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). ["a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."], **Davis vs. United States**, 417 U.S. 333, 341-42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974)[Held that in a section 2255 motion the court must hear the merits of a prisoner's claim based upon a circuit's decision interpreting the substantive reach of a criminal statute even though the case was decided after the conviction became final. **United States vs. McKie**, 73 F3d 1149 (DC Cir. 1996)[collecting cases]. 28 U.S.C. 2255 is not available because the first 2255 motion was filed before **Jones/Apprendi/Jones**. 28 U.S.C. 2255 is not available as a second motion because the rigid statutory requirements for filing a second 2255 motion are not satisfied by an issue based on the first interpretation of a statute. **Jeffers vs. Chandler,** 234 F.3d 277 (5ᵗʰ Cir.2000)(the Fifth Circuit noted 2241 habeas corpus relief may be available to a federal prisoner seeking to attack his conviction based on Supreme Court decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.), **Reyes-Requena vs. United States,** 243 F3d 893 (5th Cir. 2001).

(4) The legal principles of **Richardson vs. United States**, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) are retroactive because the case is the first interpretation of 21 U.S.C. 848. **Rivers vs. Roadway Express**, 511 U.S. 298, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). ["a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."], **Davis vs. United States**, 417 U.S. 333, 341-42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974)[Held that in a section 2255 motion the court must hear the merits of a prisoner's claim based upon a circuit's decision interpreting the substantive reach of a criminal statute even though the case was decided after the conviction became final. **United States vs. McKie**, 73 F3d 1149 (DC Cir. 1996)[collecting cases]. More recent examples include **Lanier vs. United States**, 220 F3d 833 (7th Cir. 2000), **Murr vs. United States**, 200 F3d 895 (6th Cir. 2000), **United States vs. Cestnik**, 246 F3d 683 (10th Cir. 2001), **United States vs. Lopez**, 248 F3d 427 (5th Cir. 2001) wherein appellate courts held **Richardson** retroactive to collateral attack as the first interpretation of a criminal law. Such an interpretation of substantive criminal law is retroactive to the date of enactment of the statute. **Fiore vs. White**, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001).[1]

---

[1] **Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in conjunction with **Carliss Jones** represents a first interpretation of what constitutes an element of 21 U.S.C. 841(b). Accordingly, like Lanier, which interpreted the elements of CCE, Apprendi also is retroactive to the date of enactment as the first interpretation of 21 U.S.C. 841.

14.  HAS ANY GROUND SET FORTH IN (9) BEEN PREVIOUSLY PRESENTED TO THIS OR ANY OTHER FEDERAL COURT BY WAY OF PETITION FOR HABEAS CORPUS MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, OR ANY OTHER PETITION, MOTION OR APPLICATION? No.

15. IF YOU ANSWERED "YES" TO (14), IDENTIFY WHICH GROUNDS HAVE BEEN PREVIOUSLY PRESENTED. N/A

16.  WERE YOU REPRESENTED BY AN ATTORNEY AT ANY TIME DURING THE COURSE OF

(a) your arraignment and plea? N/A

(b) your trial, if any? YES

(c) your sentencing? YES.

(d) your appeal? YES

(e) preparation, presentation or consideration of any petition, motions or applications with respect to this conviction, which you filed? YES.

17.  IF YOU ANSWERED "YES" TO ONE OR MORE PARTS OF (16), LIST

(a) the name and address of each attorney who represented you:

PLEA – Gerald A. Lord, Esquire

SENTENCING-  Gerald A. Lord, Esquire

APPEAL – Idem.

PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255-  Cheryl J. Sturm, Esquire

APPEAL FROM DENIAL OF PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255 -  Idem.

18.  IF YOU ARE SEEKING LEAVE TO PROCEED IN FORMA PAUPERIS, HAVE YOU COMPLETED THE SWORN AFFIDAVIT SETTING FORTH THE REQUIRED INFORMATION IN INSTRUCTIONS, PAGE 1 OF THIS FORM? N/A.

6

I, DAREN WRIGHT, STATE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON _6-21-01_

_Wright, D_
DAREN WRIGHT

DATED: _6-25-01_

_Cheryl Sturm_
Cheryl J. Sturm
Attorney-at-Law
408 Ring Road
Chadds Ford, PA 19317
484-771-2000

JS 44
(Rev. 07/86)

CIVIL COVER SHEET    1-1-CV-1154

*Prisoner Dock*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

*Daren Wright*

## DEFENDANTS

*Warden, FCI Allenwood*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*Cheryl J. Sturm, Esq.
408 River Road
Chadds Ford, Pa 19317    484-771-2000*

ATTORNEYS (IF KNOWN)

*U.S. Attorney's Office
228 Walnut St
Harrisburg, Pa 17108*

## II. BASIS OF JURISDICTION    (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE...)
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX...

|  | PTF | DEF |  |
|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation |

## IV. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*28 U.S. 2224 / Custody in violation of Constitution / Constitution laws or treaties of U.S. Custody in violation of Richardson vs US. Custody in violation of Jones / Apprendi / Jones*

## V. NATURE OF SUIT    (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER S |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reap |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | | ☐ 410 Antit |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Bank |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☐ 450 Comm |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | **PROPERTY RIGHTS** | ☐ 460 Dep |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Rack Corru |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Sele |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 840 Trademark | ☐ 850 Secu Exch |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Cus 12 U |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agric |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Econ Act |
| | | | | ☐ 863 DIWC (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Envi |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Ener |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | **FEDERAL TAX SUITS** | ☐ 895 Free Infor |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 App Unde Justi |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Cons State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Othe Actio |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN    (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Ju Ma Jud

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in c
JURY DEMAND:    ☐

## VIII. RELATED CASE(S) IF ANY
(See instructions):

*None*

JUDGE _____    DOCKET NUMBER _____

DATE    *6/25/01*

SIGNATURE OF ATTORNEY OF RECORD    *Cheryl Sturm*

**UNITED STATES DISTRICT COURT**