# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      : CIVIL ACTION NO.
ex rel. DAREN WRIGHT,
Registration No. 50892-053      :
     Petitioner

                         :

## 1:CV-01-1154

      V.              :

**FILED**
**HARRISBURG**

WARDEN, F.C.I. ALLENWOOD,
     Respondent                 :

JUN 2 6 2001

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2241 AND § 2243**

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**Daren Wright** [hereinafter sometimes called "Wright" and sometimes called

"Petitioner"] submits the following in support of his Petition for Habeas Corpus pursuant

to 28 U.S.C. 2241 and 2243 et. seq.[1]

## I. STATEMENT OF THE CASE

---

[1] 28 U.S.C. 2241 reads, in pertinent part, as follows: "(c) The writ of habeas corpus shall
not extend to a prisoner unless--He is in custody in violation of the Constitution, or laws
or treaties of the United States..." Article VI of the U.S. Constitution states, "This
Constitution, and the Laws of the United States...and all Treaties made...shall be the
Supreme Law of the Land....and the Judges in every State shall be bound thereby, any
Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
The Sixth Amendment provides, in pertinent part, as follows: "In all criminal
prosecutions, the accused shall enjoy the right to a speedy and public trial, by an
impartial jury of the State and district wherein the crime shall have been committed,
which district shall have been previously ascertained by law, and to be informed of the
nature and cause of the accusation; to be confronted with the witnesses against him; to
have compulsory process for obtaining witnesses in his favor, and to have the Assistance
of Counsel for his defence." The Fifth Amendment provides, in pertinent part, as follows:
"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a
presentment or indictment of a Grand Jury...nor shall any person be subject for the same
offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal
case to be a witness against himself, nor be deprived of life, liberty or property, without
due process of law..."

On May 23, 1995, the Office of the United States attorney for the Middle District of Pennsylvania filed an Indictment charging Daren Wright with the following crimes:

Count One: Conspiracy to distribute cocaine and crack in violation of 21 U.S.C. 846. The alleged conspiracy began in April, 1988;

Count Two: Distribution of cocaine and crack cocaine in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2;

Count Three: Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. 848. [hereinafter called the "CCE" or the "848"]. The CCE charged in the indictment began in April, 1988, and terminated the date of Indictment;

Count Four: Using and carrying firearms during and in relation to a drug trafficking crime, and crime of violence in violation of 18 U.S.C. 924(c)(1);

Count Five: On or about April, 1988, using a person under the age of 18 to distribute cocaine in violation of 21 U.S.C. 860(c)(1) and 18 U.S.C. 2;

Count Six: Criminal Forfeiture.

On August 22, 1995, was arraigned and pled not guilty. Trial was scheduled to commence September 26, 1995.

On September 19, 1995, James J. West, Esquire moved to withdraw as defense counsel due to a conflict of interest.[2] Trial was postponed until November 6, 1995, and Gerald Lord, Esquire was appointed as a replacement for James J. West, Esquire.

On November 6, 1995, Wright entered a plea of guilty to the CCE charged in Count Three.

On April 25, 1996, Wright was sentenced to 292 months' imprisonment, five years' supervised release, a $2000.00 fine, and a $50.00 special assessment.

3

On May 3, 1996, Wright filed a Notice of Appeal. The issue raised on direct appeal was whether, under the Sentencing Guidelines,  the district court should have disregarded offenses committed before the defendant was 18 years of age where the defendant arguably was released from confinement within five years of the commencement date of the instant offense.

On December 23, 1996, the Court of Appeals affirmed via Judgment Order. CTA3 Docket No. 96-7298.

On December 17, 1996, the Government filed a motion for downward departure under Rule 35(b) F.R.Crim.P.[3]

On April 23, 1997, the district court granted the motion and reduced the sentence to 233 months' imprisonment.

On May 1, 1997, Wright filed a motion for reconsideration. On June 16, 1997, the motion was denied.

On June 16, 1997, Wright filed a Notice of Appeal. The issue on appeal was whether the district court failed to consider the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission before imposing sentence.

On December 23, 1997, Wright filed a counseled  2255 Motion raising the following issues: the plea was not knowing, intelligent and voluntary; the indictment violated **Rutledge**; the sentencing guideline range was miscomputed; ineffective assistance of counsel at sentencing.

On February 24, 1998, the district court judge denied the 2255 Motion, and denied a COA.

---

[2] West had been the United States attorney for the Middle District of Pennsylvania.
[3] The government recommended a sentence of 180 months' imprisonment.

4

On March 10, 1998, the Notice of Appeal was filed.

On February 9, 1999, a panel of the Third Circuit issued a COA with respect to ineffective assistance of counsel at sentencing.

On July 16, 1999, the Third Circuit affirmed. CTA3 No. 98-7213.

## II. THE INDICTMENT

Count Three of the indictment reads, in pertinent part, as follows:

> From on or about April, 1988, and continuously thereafter,
> up to and including on or about the date of this indictment,
> in York County, Pennsylvania, within the Middle District of
> Pennsylvania and elsewhere, the defendants,
>
> HAROLD EUGENE HUDSON, a/k/a "POOPIE HUT"
> and DAREN WRIGHT a/k/a "K LOVE"
>
> unlawfully, knowingly and intentionally violated sections
> 841 and 846 of Title 21, United States Code as alleged in Counts
> I and II of this indictment, said counts hereby incorporated by
> reference, which violations were part of a continuing series of violations
> of the Controlled Substances Act, Title 21, United States Code,
> Section 801, et seq. undertaken by HAROLD EUGENE HUDSON,
> a/k/a "'POOPIE HUT" a/k/a "POOKIE", DAREN WRIGHT
> a/k/a "K LOVE" occupied positions of organizer, a supervisory
> position and any other position of management, and from which
> continuing series of violations the defendants HAROLD EUGENE
> HUDSON, a/k/a "'POOPIE HUT" a/k/a "POOKIE", DAREN WRIGHT
> a/k/a "K LOVE" obtained substantial income and
> resources.
>
> In violation of Title 21 United States Code, Section 848

## III. THE STATUTE

21 U.S.C. 848 ("CCE") reads, in pertinent part, as follows:

**Continuing Criminal Enterprise defined**

> (c) For purposes of subsection (a) of this section, a person is
> engaged in a continuing criminal enterprise if--
>
> (1) he violates any provision of this subchapter or subchapter

5

II of this chapter the punishment for which is a felony, and

(2) such violation is part of a **continuing series of violations** of this subchapter or subchapter II of this chapter--

(A) which are undertaken by such person **in concert with** five or more other persons with respect to whom such person occupies a position of organizer, supervisor, or any other position of management, and

(B) **from which** such person obtains substantial income or resources.

## IV. THE CONVICTION WAS OBTAINED AND SENTENCE IMPOSED IN VIOLATION OF THE FIFTH AMENDMENT RIGHT TO DUE PROCESS AND THE SIXTH AMENDMENT RIGHT TO HAVE EACH AND EVERY ELEMENT OF THE OFFENSE STATED IN THE INDICTMENT

In **Richardson vs. United States**, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the Supreme Court held that the district court judge must give an instruction advising that 21 U.S.C. 848 requires the jury be unanimous with respect the three predicate felony violations forming the series of felony violations.

**Richardson** is retroactive to cases on collateral attack as the first interpretation of a criminal law. Such an interpretation is retroactive to the date of enactment of the statute. **Lanier vs. United States**, 220 F3d 833 (7th Cir. 2000), **United States vs. Cestnik**, 246 F3d 683 (10th Cir. 2001), **United States vs. Lopez**, 248 F3d 427 (5th Cir. 2001), **Fiore vs. White**, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001).

**Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) held that that all elements of a criminal offense must be stated in the indictment, submitted to a jury and proven beyond a reasonable doubt.

6

**Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)held "Other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 120 S.Ct. 2362-63.

**United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which was reconsidered after the United States Supreme Court granted certiorari, vacate the sentence, and remanded in light of **Apprendi** held that the principles of **Apprendi** apply to cases prosecuted under 21 U.S.C. 841(a) and 841(b).

**Jones/Apprendi/Jones** have had significant ramifications for drug prosecutions under 21 U.S.C. 841(a) and sentencing under 841(b), which prescribes staggered maximum and minimum penalties for drug offenses dependent upon drug quantity. This court has held that, pursuant to **Apprendi**, the prosecution must identify in the indictment the kind and quantity of drugs for which it seeks to hold the defendant responsible under 21 U.S.C. 841(a), and that the determination of drug quantity under 841(b) must, when it subjects the defendant to an enhanced sentence, be considered an element of the offense and not a sentencing factor.

In **United States vs. Flowal**, 234 F3d 932, 938 (6th Cir. 2000), the Sixth Circuit said that each penalty provision of 841(b) is to be treated as a separate crime, with different elements, including drug identity and drug weight, which must be proved beyond a reasonable doubt when sentencing a defendant in excess of the default statutory maximum set forth in 21 U.S.C. 841(b)(1)(C) for all drugs except marijuana, or in 841(b)(1)(D) for marijuana. Most courts appear to endorse this approach. **United States**

**vs. Doggett**, 230 F3d 160 (5th Cir. 2000), **United States vs. Angle**, 230 F3d 113 (4th Cir. 2000).

Like **Richardson, Jones/Apprendi/Jones** are retroactive to cases on collateral review because they represent the first interpretation of a criminal statute not subject to rules of retroactivity set forth in **Teague vs. Lane**, 489 U.S. 288, 205,-309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).[4]

Turning to the facts of this case, the indictment does not identify the series of felony violations. Accordingly, the indictment does not state the offense of CCE because it does not identify the series of felony violations from which the defendant obtained substantial resources. The failure to identify every element of the offense in the indictment is not "harmless error" because it deprived Wright of true notice of the nature of the charge, and further deprived him of the right to make an informed decision whether to plead guilty or stand trial. If Wright had had notice of the true nature of the charge, and had the opportunity to make an informed choice, the result would have been different because he would have stood trial.

## V. WRIGHT IS BEING HELD IN CUSTODY IN VIOLATION OF A TREATY OF THE UNITED STATES

### A. LEGAL ARGUMENT

Article 9 paragraph 4 of the International Covenant on Civil and Political Rights, December 16, 1966, 999 U.N.T.S. 171 ["ICCPR"] to which the United States became a party in 1992, states, "anyone who is deprived of his liberty by...detention shall be

---

[4] **Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in conjunction with **United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000) represents a first interpretation of 21 U.S.C. 841(b). Accordingly, Wright's position is that Apprendi also is retroactive to the date of enactment as an interpretation of substantive law.

8

entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful."

Article 14, paragraph 1, sentence 2 states, "In the determination of any criminal charge against him...everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law."

Article 15, paragraph 1, sentence 3 states, "If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby."

Wright has a private right to enforce the treaty by virtue of 28 U.S.C. 2241(c)(3), which authorizes a prisoner to file for habeas corpus, based on a treaty violation.

In **Kansas vs. Colorado**, 206 U.S. 46, 97, 27 S.Ct. 655, 667, 51 L.Ed. 956 (1907) the Supreme Court stated:

> International law is part of our law, and must be ascertained and administered by the courts of justice of appropriate jurisdiction as often as questions of right depending upon it are duly presented for their determination.

An Act of Congress is not to be construed in a manner that violates international law. **Filartiga vs. Pena-Irala**, 630 F2d 876, 887 (2nd Cir. 1980)("The law of nations...has always been part of the federal common law.").

As demonstrated below, Wright's conviction and sentence violates mandatory provisions imposed by the ICCPR, as well as various aspects of the Fifth and Sixth Amendments to the Constitution of the United States.

First, the ICCPR and the Fifth and Sixth Amendments guarantee a criminal defendant the benefit of a change in substantive criminal law. In other words, any change in the interpretation of a statute that limits the reach of the statute is retroactive.

Second, the ICCPR and the Fifth and Sixth Amendments guarantee the district court will not impose a sentence beyond its jurisdiction.

**Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) held that that all elements of a criminal offense must be stated in the indictment, submitted to a jury and proven beyond a reasonable doubt.

**Apprendi** held "Other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 120 S.Ct. 2362-63.

**United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which was reconsidered after the United States Supreme Court granted certiorari, vacate the sentence, and remanded in light of **Apprendi** held that the principles of **Apprendi** apply to cases prosecuted under 21 U.S.C. 841(a) and 841(b).

**Jones/Apprendi/Jones** are retroactive to cases on collateral review because they represent the first interpretation of a criminal statute. They are not criminal rules and, as such, are not subject to the retroactivity analysis described in **Teague vs. Lane**, 489 U.S. 288, 205,-309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See, for example, **Lanier vs. United States**, 205 F3d 958, 963 (7th Cir. 2000) holding **Richardson** to be retroactive as the first interpretation of 21 U.S.C. 848. See also, **Fiore vs. White**, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) holding that the first interpretation of a criminal statute is retroactive to the date of enactment. In that case, the petitioner was convicted in

10

a state court of operating a hazardous waste facility without a permit. After Fiore's conviction became final, the PA Supreme Court interpreted the statute for the first time and made it clear that Fiore had a permit so his conduct was not within the scope of the statute. The PA courts refused to grant collateral relief. The Court held it was error not to grant the relief sought because the PA Supreme Court's interpretation of the statute was retroactive to the date of enactment.

In **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001) the Court stated that **Jones vs. United States**, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000)[the Jones arson case] is retroactive as a first interpretation of substantive law, citing **United States vs. Ryan**, 227 F3d 1058, 1062-63 (8th Cir. 2000)[also an arson case].

With respect to the merits of the **Apprendi** issue, there is no question that Wright is covered by even the most narrow view of the **Apprendi** holding because the indictment does not state all elements of the CCE, and because the record does not show the deficiency was harmless.[5]

## VI. THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE 2255 REMEDY IS "INADEQUATE OR INEFFECTIVE"

Section 2241 states that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

---

[5] The burden of demonstrating the error is harmless belongs to the government. **O'Neal vs. McAninch**, 513 U.S. 432, 444-45, 115 S.Ct. 992, 130 L.Ed.2d 947.

11

Courts may grant the writ when the petitioner alleges and proves actual innocence or a miscarriage of justice. See, **In re Dorsainvil**, 119 F.3d 245, 248 (3rd Cir. 1997), **Triestman v. United States**, 124 F.3d 361, 377 (2nd Cir. 1997), **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001).

Furthermore, 2241 habeas is the proper remedy when the constitutional violations are based on (a) events that occurred after the imposition of the sentence, or (b) involve a treaty violation.

On October 19, 1992, Wright was sentenced to 233 months' imprisonment. **Apprendi** was decided years after Wright was sentenced, and years after passage of the deadline for filing a 2255 motion.

**Richardson/Apprendi** are events that occurred after the imposition of sentence that operates to reduce the penalty. Accordingly, Wright is entitled to benefit from **Richardson/Apprendi** under provisions of the ICCPR and under the Constitution of the United States.

Several case have held that a federal prisoner may seek federal habeas corpus if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after the first 2255 motion. **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001), **Davis vs. United States**, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), **Triestman vs. United States**, 124 F.3d 361 (2nd Cir.1997)(2241 review available when not doing so would pose a serious constitutional question and review is necessary to achieve justice in an extraordinary case.), **Jeffers vs. Chandler**, 234 F.3d 277 (5th Cir.2000) (the Fifth Circuit noted 2241 habeas corpus relief may be available to a federal prisoner seeking to attack

his conviction based on Supreme Court decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.)

Several case have held that 28 U.S.C. 2241 is always available to address claims that the court lacked jurisdiction or that the sentence is higher than the statutory maximum and therefore beyond the court's jurisdiction to impose. **Bowen vs. Johnston**, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 855 (1939)[original purpose of habeas corpus was to examine court's jurisdiction and correct defects], **United States vs. Tran, supra. Kelly vs. United States**, 29 F3d 1107, 1111-112 (7th Cir. 1994), **United States vs. Nordby**, 225 F.3d 1053 (9th Cir. 2000).

In **Gomori vs. Arnold**, 533 F2d 871, 874 (3[rd]Cir.), cert. den. 429 U.S. 851 (1976), the Court stated that a petition brought under 2241 is appropriate "where petitioner challenges the effect of events subsequent to his sentence." In this case, all issues in the 2241 are based on events that occurred after the imposition of sentence, to wit, the discovery of the relationship between the judge and the U.S. attorney and the **Apprendi** decision.

Furthermore, where, as here, a 2241 petition is based on events that occurred after the sentencing, the petition may include events that occurred up to and including the sentencing. Traditionally, a 2241 habeas is the appropriate remedy where the allegations involve a mixture of events, i.e., events that occurred before, during, and after the imposition of the sentence. **Cohen vs. United States**, 593 F2d 766, 769 (6th Cir.1979).

In **United States ex. rel. Legillou vs. Davis**, 212 F2d 681 (3rd Cir.1954) this Court stated:

> Indeed, we think the remedy by motion (under 2255) can be inadequate or ineffective to test the legality of

> detention only if it can be shown that some limitation
> of scope or procedure would prevent a Section 2255
> proceeding from affording the prisoner a full hearing
> and adjudication of his claim of wrongful detention.

In this case, Wright cannot get complete relief in a 2255 motion because the issues presented for adjudication involve facts that (a) involve a treaty violation and (b) occurred after the imposition of sentence.

Because a 2255 motion cannot be used to address events that occurred after imposition of sentence, and cannot be used to redress a treaty violation, and because many courts have held that leave to file a second 2255 motion will not be granted based on an interpretation of a statute even if the interpretation makes the petitioner "actually innocent" the 2255 remedy is in all respects inadequate or ineffective. **Cohen vs. United States**, supra, (petitioner may use 2241 where 2255 remedy cannot afford complete relief).

## VII. THE APPROPRIATE SOLUTION

**Apprendi** dictates that Wright's conviction should be reversed because the government failed to plead and prove each and every element of the offense beyond a reasonable doubt. **In re Winship**, 397 U.S. 358, 364 (1970).

## VIII. CONCLUSION

The Habeas Corpus Petition should be GRANTED.

Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, Pennsylvania 19317
(484) 771-2000

Cheryl J. Sturm

## DECLARATION

The undersigned declares, under penalties of perjury, pursuant to 28 U.S.C. 1746

that the following information is true to the best of my knowledge:

1. I am the Petitioner in the attached Habeas Corpus Petition;

2. I have read the Petition and Memorandum of Law carefully. I agree

with the facts set forth therein, and I adopt those statements of fact as my own.

Date: _6-21-01_    _Wright, D_
                     Petitioner