See Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN WRIGHT,  :
    Petitioner
                        :

vs.                       :   CIVIL ACTION NO. 1:CV-01-1154

                       :

WARDEN, F.C.I. ALLENWOOD,
    Respondent                 :

FILED
HARRISBURG, PA

JUL 3 1 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

M E M O R A N D U M

I. Introduction

Petitioner, Daren Wright, has filed this counseled petition for a writ of habeas corpus pursuant to section 28 U.S.C. § 2241. In his petition, he asserts that his sentence violates <u>Richardson v. United States</u>, 526 U.S. 813, 119 S. Ct. 1707, 143 L.Ed.2d 985 (1999); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000); and the International Covenant on Civil and Political Rights, U.N.T.S. No. 14668, Vol. 999 (1976) p. 171, <u>ratified</u>, 138 Cong. Rec. S-4781 (April 2, 1992) ("ICCPR").

Because Wright cannot show that section 2255 was inadequate or ineffective to test the legality of his detention, we will dismiss his 2241 petition.

II. Background

In May 1995, Petitioner was charged in an indictment with, among other things, operating a continuing criminal

enterprise ("CCE") in violation of 21 U.S.C. § 848. The CCE count incorporated all of the allegations of count I of the indictment, conspiracy, and count II, distribution. The CCE count alleged that the violations of counts I and II

> were a part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by [the defendants] in concert with at least five other persons with respect to whom [Wright and another codefendant] occupied positions as organizer, a supervisory position of management and from which continuing series of violations [Wright and the same codefendant] obtained substantial income and resources.
> In violation of Title 21, United States Code, Section 848.

(Indictment, count III).

In November 1995, Wright executed a plea agreement, agreeing to plead guilty to the CCE count, while the government agreed to dismiss the remaining counts. On April 25, 1996, Wright was sentenced to 292 months imprisonment. He filed an appeal on May 3, 1996, arguing that the sentence was computed incorrectly under the United States Sentencing Guidelines. The Third Circuit affirmed on December 23, 1996. After the government moved for a downward departure based on substantial assistance, the sentence was reduced in April 1997 to 233 months. Wright appealed that sentence, and the Third Circuit affirmed it on March 23, 1998.

On December 23, 1997, Wright filed a section 2255 motion arguing that his plea was not voluntary; that the indictment violated Rutledge v. United States, 517 U.S. 292, 116 S. Ct. 1241,

2

134 L.Ed.2d 419 (1996); that the sentencing guideline range was computed incorrectly; and that his trial counsel was ineffective. We denied that motion on February 24, 1998. Wright appealed and on August 30, 1999, the Third Circuit affirmed.

Wright filed his 2241 petition on June 26, 2001.

III. Discussion

The 2241 petition makes three claims. The first one attacks the validity of the conviction, the next one both the conviction and sentence, and the third the imposition of the sentence. The first claim is that the conviction is invalid because it was obtained in violation of Richardson, supra, where the United States Supreme Court held that a jury must be instructed that it must unanimously convict a defendant on each violation that makes up the continuing series of violations in a CCE case. The second claim is that the conviction and sentence violate Apprendi, supra, where the Supreme Court held that other than the fact of conviction, any fact that increases a defendant's sentence beyond the statutory maximum sentence must be presented to a jury and proven beyond a reasonable doubt. The third claim is that the sentence violates the ICCPR.[1]

---

[1] The ICCPR operates to protect human rights in the international arena. Its purpose is to give effect to the United Nations Universal Declaration of Human Rights and the United Nations Charter. 138 Cong. Rec. S4781-01 (daily ed. April 2, 1992) (statement of Sen. Pell). It was ratified by the United States Senate in 1992 with certain reservations, declarations, and

3

AO 72A
(Rev.8/82)

Generally, a challenge to either the validity of a conviction or to a sentence must be brought in a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(Caldwell, J.). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted (coincidentally this court), see United States v. Hatcher, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit has stated that a section 2241 petition may substitute for a 2255 motion only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Brooks, 230 F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Section 2241 should not be used as a way of evading the gatekeeping provisions

---

understandings. See id.

4

of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has the burden to prove that section 2255 would be an inadequate or ineffective remedy.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001) (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).  Petitioner has made two main arguments why section 2255 would be inadequate or ineffective.

Petitioner first argues that section 2255 would be an inadequate or ineffective remedy because his claim of a treaty violation can only be raised in a section 2241 petition.[2]  However, the treaty he is relying on, the ICCPR, is not available to enforce his rights.  Contrary to his assertion that the treaty is self-executing and therefore a means for enforcing his rights, the Senate declared during ratification that Articles 1 through 27 of the ICCPR, which include the articles the Petitioner relies on, are not self-executing.  138 Cong. Rec. S4783-84 (daily ed. April 2, 1992) (statement of the presiding officer).  Thus, most courts have held that the ICCPR is not self-executing.[3]  Because the

---

[2]The scope of section 2241 includes violations of "the Constitution or laws or *treaties of the United States*[,]"  28 U.S.C. § 2241 (West 1994) (emphasis added), whereas the scope of section 2255 includes violations "of the Constitution or laws of the United States."  28 U.S.C. § 2255 (West 1994).

[3]<u>See, e.g.</u>, <u>Beazley v. Johnson</u>, 242 F.3d 248, 267 (5th Cir. 2001) (considering habeas petition and recognizing the Senate, in ratifying the ICCPR, stated that Articles 1 through 27 are not self-executing); <u>Benas v. Baca</u>, No. 00-11507, 2001 WL 485168, at

5

treaty is not self-executing, it is not enforceable in the courts and Petitioner cannot rely on it. See <u>Rivera v. Warden, LSCI, Allenwood</u>, No. 1:CV-01-0096 (M.D. Pa. June 12, 2001)(Caldwell, J.).[4] Moreover, the Senate stated that the United States would

---

*5 (C.D. Cal. Apr. 23, 2001) (finding Plaintiff had no cause of action because the ICCPR is not self-executing and Congress had not passed implementing legislation); <u>Cancel v. Goord</u>, No. 00-CIV-2042, 2001 WL 303713, at *9 (S.D.N.Y. Mar. 29, 2001) (noting courts have "uniformly" held that the ICCPR is not self-executing and does not provide a private cause of action); <u>Ralk v. Lincoln County</u>, 81 F.Supp.2d 1372, 1380 (S.D. Ga. 2000) (concluding no private right of action exists under the ICCPR); <u>Heinrich ex rel. Heinrich v. Sweet</u>, 49 F.Supp.2d 27, 43 (D. Mass. 1999) (refusing to recognize cause of action because the Senate and courts have decided that the ICCPR is not self-executing); <u>Hawkins v. Comparet-Cassani</u>, 33 F.Supp.2d 1244, 1257 (C.D. Cal. 1999) (holding that the ICCPR is not self-executing), *rev'd on other grounds and remanded*, --F.3d--, 2001 WL 575459 (9th Cir. May 30, 2001); <u>Jama v. INS</u>, 22 F.Supp.2d 353, 364-65 (D.N.J. 1998) (finding that ICCPR did not provide basis for waiver of sovereign immunity when the Senate declared the ICCPR was not self-executing); <u>White v. Paulsen</u>, 997 F.Supp. 1380, 1385-87 (E.D. Wash. 1998) (reasoning from the language of the ICCPR and the Senate's declaration that the ICCPR is not self-executing); <u>In re the Extradition of John Cheung</u>, 968 F.Supp. 791, 803 n.17 (D. Conn. 1997) (noting even if factual grounds existed to prevent Plaintiff's extradition, the ICCPR would not act to enforce Plaintiff's rights because it is not self-executing). But see <u>Maria v. McElroy</u>, 68 F.Supp.2d 206, 231-34 (E.D.N.Y. 1999) (stating that although the ICCPR is not self-executing, it is the law of the land and it obligates the United States government).

[4]A treaty ratified by the Senate can only be enforced in the courts as domestic law if it is self-executing or if implementing legislation has been passed. <u>Mannington Mills, Inc. v. Congoleum Corp.</u>, 595 F.2d 1287, 1298 (3d Cir. 1979) (citing <u>Diggs v. Richardson</u>, 555 F.2d 848 (D.C. Cir. 1976)); <u>Jama v. INS</u>, 22 F.Supp.2d 353, 361 (D.N.J. 1998) (citing <u>Dreyfus v. Von Finck</u>, 534 F.2d 24 (2d Cir. 1976)). The ICCPR is not self-executing and Congress has not passed implementing legislation. <u>Jama</u>, 22 F.Supp.2d at 364.

6

not follow the third clause of article 15(1), one of the specific clauses that Petitioner cites.[5] Id. at S4783.

Petitioner's second argument is that he can rely on section 2241 because Apprendi and Richardson "are events that occurred" after he was sentenced. We reject this argument because the focus of the petition is on events that happened during the criminal proceedings against Wright, not on cases resolved afterwards.

Nor can the Petitioner rely on In In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, the Third Circuit did allow a section 2241 petition to proceed after ruling that a section 2255 motion was inadequate and ineffective to test the legality of Dorsainvil's detention. However, that case is distinguishable. At issue in Dorsainvil was whether the petitioner there could invoke Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d 472 (1995), a case decided after the resolution of his 2255 motion, to establish that he was innocent of the crime for which he was being incarcerated. Because Bailey had changed the substantive law and may have negated the crime for which Dorsainvil stood convicted, and because it had not been decided at the time Dorsainvil's initial section 2255 motion had been ruled on, the Third Circuit allowed

---

[5]Article 15(1) provides: "If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby." ICCPR art. 15(1).

7

the 2241 petition to proceed. In doing so, the court stressed that its holding was a narrow one and limited to the "unusual position-that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251, 252-53.

It was crucial to the Third Circuit's decision in Dorsainvil that a refusal to allow a 2241 petition might result in the imprisonment of a person whose conduct was no longer criminal under Bailey's interpretation. That is not the case with Petitioner's Apprendi claim. Apprendi would not negate Wright's criminal conduct; rather if applied here, it would only shift the fact-finding duty from the court to the jury and change the burden of proof from a preponderance of the evidence standard to a reasonable doubt standard.

Similarly, a failure to review Petitioner's Richardson claim by way of a 2241 petition would not result in the imprisonment of a person who had not committed a crime. The intervening change of law regarding Richardson did not negate the crime with which Wright was charged, a CCE, so that he would be actually innocent of that charge, as the Fifth Circuit recently held in a similar case.

In Jeffers v. Chandler, ___ F.3d ___, 2001 WL 636814 (5th Cir. 2001), Jeffers filed a petition for a writ of habeas corpus pursuant to section 2241 arguing that the jury instructions given during his trial were unconstitutional in light of

8

Richardson. Jeffers argued that because the Supreme Court decided Richardson after he filed his section 2255 motions, any section 2255 remedy was inadequate or ineffective. Id. at ___, 2001 WL 636814, at *1. He further argued that because of the deficient jury instructions the jury never found him guilty of the elements of the CCE charge and he could therefore prove that he was actually innocent. Id.

The Fifth Circuit decided that this argument was flawed: Jeffers' conduct for which he was convicted was not later determined by the Supreme Court not to be a crime. Id. at *3. It reasoned that whether the facts of Jeffers' case supported his conviction for the CCE crime was not equivalent to proving he was actually innocent. Id. The Fifth Circuit distinguished Jeffers' situation from Reyes-Requena, a case the Petitioner cites. In Reyes-Requena, the Fifth Circuit had decided that a section 2255 motion would be inadequate or ineffective when the Supreme Court decided Bailey after the petitioner had filed his section 2255 motion. While Reyes-Requena had been imprisoned for conduct the Supreme Court later determined was not a crime, Jeffers was not. Id. Similarly here, although the Third Circuit found that section 2255 was an inadequate or ineffective remedy in Dorsainvil, that decision too was based on a conviction for conduct which the

9

Supreme Court later determined was not a crime. Wright is not in that situation.[6]

Because Petitioner's remedy under section 2255 was not inadequate or ineffective, we will dismiss this petition. Wright should consider seeking authorization from the Third Circuit to file a second or successive section 2255 motion.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 31, 2001

---

[6] We also reject the Petitioner's reliance on Cohen v. United States, 593 F.2d 766 (6th Cir. 1979), for the proposition that he is entitled to join, in one petition under section 2241, claims challenging the execution of a sentence and claims challenging the imposition of a sentence. See Snead, supra.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN WRIGHT,
    Petitioner
:
:
vs.                           :    CIVIL ACTION NO. 1:CV-01-1154
:
WARDEN, F.C.I. ALLENWOOD,
    Respondent             :

O R D E R

AND NOW, this 31st day of July, 2001, upon consideration of Daren Wright's petition for habeas corpus pursuant to 28 U.S.C. § 2241, filed June 26, 2001, (doc. 1), it is Ordered that the petition is dismissed.

The Clerk of Court shall close this file.

William W. Caldwell
United States District Judge

FILED
HARRISBURG, PA

JUL 3 1 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 31, 2001

Re: 1:01-cv-01154   United States of Ame v. Warden, F.C.I. Allen

True and correct copies of the attached were mailed by the clerk to the following:

Cheryl J. Sturm, Esq.
408 Ring Rd.
Chadds Ford, PA  19317   Fax No.: (484) 771-2008

```
cc:
Judge                          (✓)            ( ) Pro Se Law Clerk
Magistrate Judge               ( )            ( ) INS
U.S. Marshal                   ( )            ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  (✓)
Orig-Security                  (✓)
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to: US Atty Gen  ( )   PA Atty Gen ( )
                                       DA of County ( )   Respondents ( )

Bankruptcy Court               ( )
Other _____ ( )
```

MARY E. D'ANDREA, Clerk

DATE: 7/31/01                            BY: _____
                                             Deputy Clerk